Sioux City Robe & Tanning Co., Complainant, v. W. G. Sears, Judge, Respondent.

**INJUNCTION: Violation—What Constitutes Violation—Receiving Mail and Shipments Under Forbidden Name.** One will not be punished as for contempt for the performance of acts which are not clearly within the terms of the injunction, or fairly implied therefrom.

PRINCIPLE APPLIED: Defendant was enjoined (a) from using or continuing to use the words "Sioux City Hide & Fur Company" and (b) from using the words "Sioux City" in connection with other words indicating a business of dealing in hides or furs. Defendant at once changed its name; but for a period of something over a month thereafter, continued to receive shipments to it under the forbidden name, but shipments which were actually intended for it. Shipments under the forbidden name rapidly decreased and shipments under the new name

quickly commenced. *Held*, the said acts of defendant were not within the terms of the injunction.

*Certiorari from Woodbury District Court.*—W. G. SEARS, Judge.

SATURDAY, FEBRUARY 12, 1916.

CERTIORARI brought to review the action of the district court in certain contempt proceedings. The opinion states the material facts.—*Affirmed.*

*Sears, Snyder & Boughn,* for complainant.

*Henderson & Fribourg,* for respondent.

WEAVER, J.—C. J. Rick and others, as partners under the firm name of Sioux City Robe & Tanning Company, were doing business as dealers in furs and hides and as tanners at Sioux City. . Volnie S. Powell and others, incorporated under the name of Sioux City Hide & Fur Company, were also carrying on a similar business at the same place. The first named firm brought a suit in equity against the latter concern, charging it with unfair competition and asking that it be perpetually enjoined therefrom and from using the firm name "Sioux City Hide & Fur Company", and especially enjoined from using the name "Sioux City" in connection with the name or description of its business of tanning or dealing in hides and robes. To this action, the Hide & Fur Company appeared and took issue upon the petition. Such further proceedings were had in such suit that a decree was entered therein for plaintiffs, the material part of which was in the following words:

*INJUNCTION: violation: what constitutes violation: receiving mail and shipments under forbidden name.*

"It is therefore ordered, adjudged and decreed that defendants, Volnie S. Powell, H. B. Powell and Sioux City Hide & Fur Company, a corporation, the officers, directors, agents, attorneys and representatives of the said corporation, and the agents, attorneys and representatives of the said Volnie

S. Powell, and H. B. Powell, be and they are each hereby severally perpetually enjoined from using or continuing to use the words 'Sioux City Hide & Fur Company' as their trade name.

"It is further ordered, adjudged and decreed that the said defendants, Volnie S. Powell, H. B. Powell and the Sioux City Hide & Fur Company, a corporation, and its officers, directors, agents, attorneys and representatives, and the agents, attorneys or representatives of the said Volnie S. Powell, and H. B. Powell, be and they are hereby perpetually enjoined from using the words 'Sioux City' in connection with other words designating or indicating a business or dealing in hides, robes, fur or tanning."

The decree was entered May 24, 1915. In July, 1915, the plaintiff in said action filed in the district court an information charging that defendants, in violation and contempt of the decree and writ of injunction, had wrongfully continued to use the business name of Sioux City Hide & Fur Company and to use the word or name "Sioux City" in connection with their business name or designation, and upon these allegations asked that defendants be cited to answer for their alleged contempt. A citation was issued, and defendants appeared in obedience thereto, and denied that they had violated the injunctional order or decree. The principal evidence offered in support of the charge was the testimony of the freight agents of the several railroads entering Sioux City, showing that, between the date of the decree and the filing of the information, a considerable number of packages and shipments of furs and hides had arrived at their several stations, marked or directed to the S. C. or Sioux City Hide & Fur Company, and that said packages and shipments had been delivered to and received by the defendants. Some evidence was offered tending to show that the decree was entered by the consent of the parties, and that prior thereto there was some verbal understanding that, after an interval of 10 days, defendants would relinquish or turn

over to plaintiffs all shipments and mail directed to the Sioux City Hide & Fur Company.

Upon this record, we have to inquire whether the proved or admitted acts and conduct of the defendants constitute a clear violation of the terms of the injunction. Turning to the decree by the terms of which the rights and duties of the parties must be measured, we find that defendants are thereby enjoined (1) from "using or continuing to use the words 'Sioux City Hide & Fur Company' as their trade name"; and (2) from "using the words 'Sioux City' in connection with other words designating or indicating a business dealing in hides, robes, fur or tanning". Nothing is forbidden to the defendant except the acts or things above specifically mentioned, and such other, if any, as may be fairly implied therefrom. Unless we can say that such restraint is to be implied from that expressed, as above quoted, there is nothing in the decree denying defendants the right to receive the mail and accept the shipments which the senders and consignors actually intended for them. There is no evidence that, at any time after the entry of the decree, defendants advertised or bought or sold or made any claim of right to do business under the forbidden name or style, or did in fact receive any mail or shipments or consignments intended for the plaintiffs. On the contrary, the agents of the carriers called as witnesses by the plaintiffs testified that defendants informed them of the injunction and manifested much care to receive or accept such consignments only as were clearly intended for them. It also appears indirectly that upon the entry of the decree defendants adopted and thenceforward did business under the name of Powell Hide & Fur Company. It was perhaps the duty of defendants to notify their customers and consignors of the change in their business name, and there is nothing to show that they did not. On the contrary, the circumstances tend to show that they did make such effort; for the detailed reports by the several freight agents show that, very soon after the date of the decree, shipments began to

arrive consigned to defendants under the name of Powell Hide & Fur Company. The consignments gradually increased, while those directed to the Sioux City Hide & Fur Company decreased. Much the larger part of those directed to the old name arrived and were received by defendants within less than 30 days after the entry of the decree, and very largely within 15 days thereafter. Naturally it would take some time to get the information of the change to the knowledge of the shippers, and to get the shippers who desired to deal with them in the habit of using the new name; but when the contempt proceeding was begun, the confusion in shipments had largely disappeared.

Had the court intended by its decree to deny the defendants the right to receive the mail and consignments of goods actually intended for them, it was an easy thing to so provide in clear terms, and we think it fair to assume that such an important and unusual restraint upon the liberty of a person in dealing with his own would not have been left to an uncertain implication. We think the decree is not open to the construction which the plaintiffs place upon it.

Whether the mere absence of intention to violate the injunction would be sufficient to relieve defendants from the charge of contempt, as suggested by the trial court, if the act complained of was clearly forbidden by the terms of the decree, we need not here consider or decide. Taking the decree as it reads and the undisputed facts as disclosed by the record, we are clearly of the opinion that no violation of the injunction was shown, and that the court did not err in finding defendants not guilty of contempt. The result reached being right, it is not a material question whether all the reasons stated by the court for its ruling were sound.

We may further add, with reference to the alleged fact that, prior to the decree, there was a verbal understanding or agreement between the parties that defendants would turn over to plaintiffs all mail and consignments coming in the old

trade name of the former, that, even assuming such arrangement to have been made, its violation would not be a contempt of court. The sole question presented is whether a violation of the decree as written and entered was so clearly shown as to render the dismissal of the contempt proceedings an error for which the judgment below should be annulled and the cause remanded for a judgment of guilty. This inquiry, we think, must be answered in the negative.

The writ of certiorari will therefore be dismissed, and the judgment of the district court—*Affirmed*.

EVANS, C. J., DEEMER and PRESTON, JJ., concur.